UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DWAYNE HARRIS,

                              Plaintiff,

                                                                           9:20-CV-1482
v.                                                                        (GTS/DJS)

TRAVERS, R.N., Upstate Corr. Fac.; and
SCHROYER, Dr., Upstate Corr. Fac.,

                              Defendants.
_____

APPEARANCES:

DWAYNE HARRIS
  Plaintiff, *Pro Se*
509B Howard Avenue
Apartment #9
Brooklyn, New York 11233

GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Dwayne Harris ("Plaintiff") against the two above-captioned employees of New York State Department of Corrections and Community Supervision ("Defendants"), are (1) Defendants' motion for summary judgment, and (2) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion for summary judgment be granted and that Plaintiff's Complaint be dismissed based on untimeliness and failure to exhaust available remedies pursuant to the Prison Litigation Reform Act. (Dkt. No. 59.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant filings in this action, the Court finds no error in the Report-Recommendation, clear or otherwise:[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein, Defendants' motion for summary judgment is granted, and Plaintiff's Complaint is dismissed.

ACCORDINGLY, it is

ORDERED that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 59) is **ACCEPTED** and **ADOPTED**; and it is further

ORDERED that Defendants' motion for summary judgment (Dkt. No. 48) is **GRANTED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: July 24, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).